SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00332-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **QIUAN'TRE JAMIEL DAEZION TAYLOR AKA QIUAN'TRE JAMIEL DAEZION EVERYBODYTALKSABOUT** | |
| **Defendant.** | |

Portland Police attempted to stop the defendant, a documented member of the Hoover Criminal Gang based in Seattle. Before officers could reach him, the defendant discarded a firearm inside a hotel vending machine. His actions were observed by a hotel employee and captured on surveillance video. Balancing the defendant's significant criminal history with the facts of the case and the defendant's willingness to resolve the case quickly, the United States

and the defendant jointly recommend a sentence of 27 months' imprisonment followed by three years of supervised release.

## I. <u>Facts</u>

On March 13, 2025, Portland Police officers conducted a routine patrol near NE 82nd Avenue and NE Sandy Boulevard. (PSR ¶ 16). The area is known for a high volume of prostitution-related activity, and officers observed the defendant speaking with a suspected prostitute. They followed the defendant's vehicle, noted several traffic violations, and ultimately conducted a stop at the Econo Lodge Hotel. (PSR ¶ 17). By the time officers approached, the defendant was out of the vehicle. *Id.*

While speaking with the defendant, a hotel employee signaled an officer and directed attention toward a nearby vending machine. (PSR ¶ 18). Inside the machine's retrieval bin, the officer located a .40-caliber Smith & Wesson SD40 pistol, later confirmed to be stolen. *Id.*

/ / / /

/ / / /

Hotel surveillance footage shows the defendant exiting the vehicle and placing an item into the vending machine's retrieval bin. See photos of the firearm and a screenshot of the firearm below.









A second officer was interacting with the codefendant, who was very uncooperative. During the encounter, officers recovered a second firearm—an FN 509 pistol—from the rear pocket of the front passenger seat, directly in front of where the codefendant had been seated. Only the codefendant's DNA was found on the FN firearm.

The Smith & Wesson pistol was swabbed and submitted to the Oregon Crime Lab for DNA analysis. Both the defendant's and the codefendant's DNA were identified on the firearm. The statistical analysis concluded it was 4.57 octillion times more likely that their DNA was present on the pistol than DNA from unrelated individuals.

## II. Plea Agreement

On April 7, 2026, the defendant pled guilty to Count 1 of the Indictment charging felon in possession of a firearm. (PSR ¶ 1). The defendant receives a three-level reduction for acceptance under USSG §3E1.1. (PSR ¶¶ 7, 40, 41). He receives a two-level enhancement because the firearm was stolen, but the parties agreed to a two-level reduction under 18 U.S.C. 3553(a) for resolving the case relatively early and agreeing to a joint sentencing recommendation. (PSR ¶¶ 9, 10, 34). The parties agreed to a joint 27-month recommendation to the Court. (PSR ¶ 8).

## III. Guidelines

| **Count 1: 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm** | | |
|---|---|---|
| USSG § 2K2.1(a)(4)(B)(ii) | Base Offense Level | 20 |
| USSG § 3E1.1(a), (b) | Acceptance of Responsibility | -3 |
| USSG § 2K2.1(b)(4)(A) | Stolen Firearm | +2 |
| 18 U.S.C. § 3553(a) | | -2 |
| | **Adjusted Offense Level** | 17 |

/ / / /

/ / / /

## IV. Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence | Criminal History Points |
|---|---|---|---|---|
| Murder II | 3/27/2015 | King County, Washington | 156 months | +3 |

The defendant's prior conviction for Murder II is obviously concerning. Factually, it appears the defendant and three others attempted to rob the victim, but the robbery did not go as planned and the victim was shot and killed during the robbery. (PSR ¶ 45).

The defendant receives three criminal history points and is a Criminal History Category II. (PSR ¶¶ 46, 48).

## V. Conclusion

The defendant is a documented member of the Seattle Hoovers and was present in Portland for reasons that remain unclear. Although his proximity to prostitution-related activity and possession of firearms could suggest potential involvement in sex trafficking, officers did not uncover sufficient evidence to conclusively link him to such conduct.

The defendant's prior conviction for Murder II remains a significant cause for concern, particularly given that he was again found in possession of a firearm. His continued association with gang activity and firearms indicates he has not taken meaningful steps to separate himself from these influences. Without substantial changes in his life, the defendant faces an elevated risk of continued criminal behavior and the serious consequences that follow.

In resolving the case, the government considered the defendant was taken into custody on a probation violation and served approximately seven months imprisonment that he will not receive credit for on this case.

The joint proposed advisory guideline range is 27 months to 33 months, factoring in the recommended departures. While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The Sentencing Guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guidelines serve as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

Under the facts of this case, a 27-month sentence, coupled with a 3-year term of supervised release, and a $100 special assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated: August 18, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Lewis S. Burkhart*_________________
LEWIS S. BURKHART, OSB #082781
Assistant United States Attorney